## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kaiwan Shawn Wallace,<br><br>            Petitioner,<br>      v.<br><br>Quandara Grant, *Director of the Beaufort County Detention Center*,<br><br>            Respondent. | Case No. 9:23-05126-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court dismiss Petitioner Petition for Writ of Habeas Corpus (Dkt. No. 1) without prejudice and without requiring Respondent to file a return. (Dkt. No. 9). Petitioner did not file a response to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the Petition.

### I. Background

Petitioner, a pretrial detainee proceeding pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. (Dkt. No. 1 at 1). Petitioner appears to be challenging a pending state criminal charge of burglary first degree. Petitioner states three sperate grounds for relief.

The Magistrate Judge issued an R & R recommending the Petition be dismissed. (Dkt. No. 9). Petitioner did not respond to the Magistrate Judge's R & R. The matter is now ripe for the Court's review.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983).

## III. Discussion

The Magistrate Judge issued an R & R finding that the Petition should be dismissed for three separate reasons. (Dkt. No. 9). First, the Magistrate Judge concludes that the Petition is subject to summary dismissal on abstention grounds. (*Id.* at 3-5). Second, the Magistrate finds that the Petition should be subject to dismissal for failure to state a cognizable claim for relief under § 2241. (*Id.* at 5). And third, the Magistrate Judge recommends dismissing the action under Fed. R. Civ. P. 41 because Petitioner failed to bring his case into proper form order. (*Id.* at 6).

The Court agrees with the Magistrate Judge that all three criteria for abstention under *Younger v. Harris*, 401 U.S. 37 (1971) are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to *Younger* abstention and necessitate federal intervention. *Gilliam v. Foster,* 75 F.3d 881, 901 (4th Cir.1996); *see also Moore v. DeYoung,* 515 F.2d 437, 446 (3d Cir.1975) ("We are not prepared

2

to hold that ... the alleged denial of Moore's right to a speedy trial, constitutes such 'extraordinary circumstances' as to require federal intervention prior to exhaustion of state court remedies.").

The Court also agrees that Petitioner failed to state a claim under § 2241. Petitioner did not state any grounds to support a claim that he is being held in violation of the Constitution, laws, or treaties of the United States.

The Court also agrees that Petitioner failed to bring his case into proper form. The Magistrate Judge issued an order, providing Petitioner with twenty-one (21) days to bring his case into proper form. (Dkt. No. 4). The Petitioner failed to respond to the order or provide the items necessary to bring the case into proper form. Petitioner's lack of response to the order and failure to bring his case into proper form indicates an intent not to prosecute this case and the Petition is therefore subject to dismissal. See Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning).

Accordingly, the Court adopts the R & R as the order of the Court and dismisses the Petition.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 9) is **ADOPTED** as the order of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.


  s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge


February 20, 2024
Charleston, South Carolina

4